UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER GUILBAULT,

    Plaintiff,                        Case No.
                                             Hon:

v

CONSUMERS ENGERY COMPANY,
a Michigan corporation,

    Defendant.

James K. Fett (P39461)
Fett & Fields, P.C.
1186 Sarah Rd.
Pinckney, MI 48169
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorney for Plaintiff

# **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, through counsel, Fett & Fields, P.C., states the following claims against Defendant:

### NATURE OF CLAIMS

1. This is a lawsuit seeking money damages for FMLA retaliation and interference pursuant to the Family Medical Leave Act.

### JURISDICTION, PARTIES, AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C.

§1331.

3. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

4. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

5. Plaintiff Heather Guilbault is a 43-year-old resident of Jackson, Michigan.

6. Defendant Consumers Energy Company is a Michigan corporation employing approximately 8,000 employees.

## FACTS

7. Defendant hired Plaintiff on or about May 16, 2022, as a Senior Manager, Healthcare Strategy.

8. In May 2023, Defendant promoted Plaintiff to Director of Benefits, a position that required her to relocate from northern Michigan to Jackson, Michigan.

9. In January 2024, Plaintiff was promoted again to Executive Director, Total Rewards, reporting directly to the Senior Vice President of People and Culture.

10. Until her medical leave in 2025, Plaintiff consistently performed her duties in a highly effective manner.

11. Plaintiff's performance reviews were rated "Highly Effective," and she was never counseled for performance issues, subjected to any disciplinary action, or placed on a performance improvement plan.

12. In or around February 2025, Plaintiff took a protected medical leave under the Family and Medical Leave Act (FMLA).

13. Plaintiff returned from FMLA leave in or around March 2025.

14. Shortly after returning from FMLA leave, Plaintiff began to experience retaliation and adverse treatment related to her protected leave.

15. On or about April 2025, Plaintiff was demoted from Executive Director, Total Rewards to Director, Benefits.

16. In June 2025, Plaintiff informed Supervisor Caitlin Tetrick that she might need to take an additional medical leave for a surgery.

17. On or about July 9, 2025, Defendant terminated Plaintiff's employment, citing "performance" as the reason.

18. Defendant's stated reason is pretextual because:

    a. Plaintiff's performance was consistently rated "Highly Effective";

    b. Plaintiff had no documented performance issues;

    c. Plaintiff was never placed on a performance improvement plan; and

    d. The termination occurred only a few months after Plaintiff returned from FMLA leave and shortly after she disclosed the need for future leave.

19. Defendant's actions were taken in retaliation for Plaintiff exercising her rights under the Family and Medical Leave Act and in anticipation of her future use of FMLA leave.

## COUNT I
## FMLA RETALIATION

20. Plaintiff incorporates by reference the preceding paragraphs.

21. Plaintiff engaged in protected activity under the FMLA when she exercised her right to take leave and informed her employer of the need for further FMLA leave.

22. Defendant demoted and terminated Plaintiff because she exercised her rights under the FMLA.

23. Plaintiff's demotion and discharge on this basis violates the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

24. As a proximate result of Defendant's illegal conduct, Plaintiff has suffered, and will continue to suffer, emotional distress, especially outrage, lost opportunities, embarrassment and the physical manifestations of these injuries, as well as economic damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant for:

    a. Economic damages;

    b.    Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c.    Costs, interest and reasonable attorneys' fees;

    d.    Liquidated damages against Defendant; and

    e.    Such other equitable relief as the Court deems just.

## COUNT II
## FMLA INTERFERENCE

25. Plaintiff incorporates by reference the preceding paragraphs.

26. Plaintiff was an eligible employee under the FMLA.

27. Defendant is an employer as defined by the FMLA.

28. Plaintiff was entitled to leave under the FMLA.

29. Plaintiff gave Defendant notice of her intention to take FMLA leave.

30. Defendant denied Plaintiff the FMLA benefits to which she was entitled by terminating Plaintiff.

31. Defendant's wrongful denial of benefit violates the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

32. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and will continue to suffer, emotional distress, especially outrage, lost opportunities, loss of reputation, embarrassment and the physical manifestations of these injuries, as well as economic damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant for:

  a. Economic damages;

  b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

  c. Costs, interest and reasonable attorneys' fees;

  d. Liquidated damages against Defendant; and

  e. Such other equitable relief as the Court deems just.

Respectfully submitted,

*/s/ James K. Fett*
By: James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com

Dated: December 9, 2025  Attorneys for Plaintiff

## JURY DEMAND

NOW COMES Plaintiff Heather Guilbault, through her counsel Fett & Fields, P.C., and hereby demands trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ James K. Fett*
By: James K. Fett (P39461)
Dated: December 9, 2025                     Attorneys for Plaintiff